UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TERRELL K. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>LAKE COUNTY JAIL, JOHN DOE, JOHN DOE,<br><br>Defendants. | CAUSE NO. 2:26-CV-71-PPS-AZ |

OPINION AND ORDER

Terrell K. Brown, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Brown is currently incarcerated at the Tippecanoe County Jail. ECF 4. He alleges he was previously housed in the segregation unit at the Lake County Jail for one-hundred-eighty-six days. He says there was "feces and urine and black mold everywhere on the ceiling and floor, [and] wall." ECF 1 at 2. He made various complaints to unspecified officers, but he didn't receive a response. He claims the

conditions "impeded my ability to eat[,] sleep[,] or shower." *Id*. At some point, he asked if he could be relocated or if they could call the biohazard team, but Officer John Doe refused. *Id.* He began to "feel sick from the smell," so he filled out a medical request slip. *Id.* He notified Officer John Doe of his issues, "but the officer stated it was not his problem and that he do[es] not control bed moves." *Id*. The toilet eventually began to overflow. Brown called an officer (he doesn't say whom), but his requests for help and for cleaning supplies were denied. *Id.* at 3. He again contacted medical, but he didn't receive a response. *Id.* Brown says the conditions caused him to "develop rash and clogged pore" plus dizziness, "eye burning," pain, and emotional distress. *Id*. at 3. He has sued the Lake County Jail and two John Doe defendants for monetary damages plus a court order to "clean all seg-area." *Id*. at 5.

The Fourteenth Amendment prohibits inmates from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty*., 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if, as a result, inmates are denied "the minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). A condition must, objectively, rise to a certain level before the Fourteenth Amendment is implicated. *Id.* at 823–24. An objectively serious condition under the Fourteenth Amendment requires sufficient "severity and duration" to rise to

the level of a constitutional concern. *Roundtree v. Dart*, No. 23-2576, 2025 WL 401207, at *3 (7th Cir. Feb. 5, 2025).

Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). A pretrial detainee states a valid Fourteenth Amendment claim against an individual defendant by alleging that the defendant "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman by & through Hamilton v. Madison Cnty., Illinois*, 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

I have no hesitation saying the conditions as alleged by Brown—which include feces, urine, and mold covering every surface—are objectively serious. *See, e.g., Taylor v. Riojas*, 592 U.S. 7, 7–10 (2020) (describing cells with "massive" amounts of feces

everywhere as "shockingly unsanitary"). However, Brown's complaint suffers from two significant deficiencies. First, he has sued three defendants, but none are amenable to suit as currently pled. Brown cannot proceed against the Lake County Jail because it is a building rather than a suable entity. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He has also sued two John Doe officers. It is permissible to sue a "placeholder defendant" in federal court. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). But Brown provides no identifying information about the officers. Throughout most of the complaint, he refers to "officers" in a generalized manner. *E.g.*, ECF 1 at 2. Allegations about an unidentified group of defendants are insufficient to state a claim under federal pleading standards. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing."). When he does specifically refer to a specific John Doe, he provides no information about the timing of their actions, which makes it difficult, if not impossible, to discern whether they can be held personally liable for a constitutional violation. *E.g.*, ECF 1 at 2.

This brings me to the next problem with Brown's complaint: his allegations regarding timing overall are exceedingly vague. He indicates the "event" occurred on July 23, 2025, *id.* at 1, but no other dates are provided. In fact, his complaint isn't even dated on the signature portion. *Id.* at 5. He says he was held in segregation for one-

hundred-eighty-six days, but he doesn't describe (even in a general sense) when the actions of the officers occurred. *Id.* at 1. Without additional details, I can't allow Brown to proceed against the two John Doe officers. *See, e.g., Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) ("[A] complaint must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotations marks and citations omitted)); *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) ("A plaintiff must include adequate factual detail to lift his claims from mere speculative possibility to plausibility.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")).

I would normally consider adding the Sheriff in his official capacity to address serious injunctive relief claims, but here that would be futile because Brown has already been transferred to a different jail and is no longer under the custody, care, and control of the Lake County Sheriff. ECF 4 at 1; *see Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (holding a prisoner's transfer renders request for injunctive relief moot unless he can non-speculatively demonstrate he is likely to be transferred back); *see also E.F.L. v. Prim*, 986 F.3d 959, 962 (7th Cir. 2021) (suit becomes moot when it is "impossible for a court to grant any effectual relief"); *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) (holding that a "live controversy must continue to exist at all stages of review, not simply on the date the action was initiated").

This complaint does not state a claim for which relief can be granted. If Brown believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Accordingly:

(1) Terrell K. Brown is GRANTED until **December 14, 2026**, to file an amended complaint; and

(2) Terrell K. Brown is CAUTIONED if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED on November 12, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT